Conway B, Judge. The State sued John Murray and others, for the use of James DeBaun, as administrator of James Lemon, deceased, and, being defeated on trial in the Circuit Court, brought up the case on error. Since it came here, DeBaun departed this life, and administration on his estate has been granted to James DeBaun, junior, and he now moves, as such administrator, to be substituted for the beneficiary plaintiff in this case, and that the same may proceed for his use as administrator of said James DeBaun, dec’d. In the 29th section of the 117 chapter of the Revised Statutes, it is provided that if a plaintiff in error die after writ of error brought, and before judgment rendered thereon, his administrator (in a case where he would be entitled to bring a writ of error) may be substituted for such plaintiff, and the case proceed at his suit. But we do not think this section authorizes the substitution of the administrator of the individual for the functionary. In truth an administrator’s powers and functions are not legally transmissive. They terminate with the expiration of his fiducial character, and in contemplation of law all unadministered assets then divest and revert, and no one has any claim or interest in tire estate of^vhich he was administrator by virtue of being his representative. By the 13th section of chapter first of the Revised Statutes, it is also provided that where an administrator shall be a plaintiff in any suit, and shall die before final judgment, die suit shall no't thereby abate, but the same may be continued by the person succeeding him in the administration of the same estate, by an order of the court substituting the person so succeeding as plaintiff in such suit. It is clear, therefore, that the administrator of the deceased administrator, is not the proper person to be substituted as the beneficiary plaintiff in this case. Motion refused.